PARLIN, ORENDORF & MARTIN COMPANY, APPELLANT, V.
JOHN I. ULRICH ET AL., APPELLEES.

FILED FEBRUARY 9, 1899. No. 8632.

Creditors' Bill: QUESTION OF FACT. In a suit in the nature of a
creditors' bill only a question of fact was presented. Decree of
the district court *held* to be sustained by the evidence.

APPEAL from the district court of Buffalo county.
Heard below before WESTOVER, J. *Affirmed.*

*Marston & Marston,* for appellant.

References: *Melick v. Varney,* 41 Neb. 105; *Carson v.
Stevens,* 40 Neb. 112; *Glass v. Zutavern,* 43 Neb. 334; *Ault-
man v. Obermeyer,* 6 Neb. 260; *First Nat. Bank of Omaha
v. Bartlett,* 8 Neb. 319; *McEvony v. Rowland,* 43 Neb. 97;
*Butts v. Hunter,* 33 Neb. 119; *Darnell v. Mack,* 46 Neb. 740;
*Farrington v. Stone,* 35 Neb. 456.

*B. O. Hostetler, W. D. Oldham,* and *H. M. Sinclair,* contra.

References: *Ward v. Parlin,* 30 Neb. 376; *Dayton Spice
Mills Co. v. Sloan,* 49 Neb. 622.

IRVINE, C.

This was a creditor's suit brought by the Parlin, Oren-
dorf & Martin Company, a judgment creditor of John I.
Ulrich and August Ulrich, to subject to the payment of
the judgment certain lands alleged to have been fraudu-
lently conveyed. There were several defendants, and
several transfers by each debtor were attacked. The
court found generally for the defendants and dismissed
the case. The plaintiffs by their appeal seek a review of
the case only so far as it affects certain transfers by John
I. Ulrich directly and indirectly to his wife.

The question presented is solely one of fact. The trans-
fers being from husband to wife, the burden devolved
upon her of showing their *bona fides.* While the convey-

ances are in themselves of a very suspicious character, and the circumstances do not altogether remove the suspicion, still there was evidence, which, if believed, explained the transactions in a manner consistent with good faith. The credibility of witnesses was for the trial court, and it was also largely for that tribunal to draw the essential inferences from the facts proved. It would be useless to review the evidence in detail. It was of such a character that under the rule prevailing in this state we are not at liberty to interfere with the finding attacked.

AFFIRMED.